UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILLY WAYNE HARRIS                                                CIVIL ACTION

VERSUS                                                                     NO. 22-2473

LOUISIANA DEPARTMENT OF                                SECTION "R" (4)
PUBLIC SAFETY & CORRECTIONS,
ET AL.

# ORDER

Plaintiff's complaint alleging claims under 42 U.S.C. § 1983 was referred to Magistrate Judge Karen Wells Roby for a Report and Recommendation ("R&R"). Defendants filed an unopposed motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Magistrate Judge Roby subsequently recommended that plaintiff's official-capacity claims seeking money damages be dismissed with prejudice on the basis of Eleventh Amendment sovereign immunity, and that the remaining claims be dismissed for failure to state a claim.[2] Plaintiff did not object to the R&R. Therefore, this Court reviews the R&R for clear error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc)*, superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)*; see also* Fed. R. Civ. P. 72(b) advisory

---

[1]   R. Doc. 17.
[2]   R. Doc. 18.

committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

The Court finds one clear error. Magistrate Judge Roby recommended dismissal with prejudice under Rule 12(b)(1) after finding that plaintiff's official-capacity claims for money damages were barred by the Eleventh Amendment of the U.S. Constitution.[3]  But dismissal under Rule 12(b)(1) on the basis of Eleventh Amendment sovereign immunity must be without prejudice. *See Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir.1996) ("Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *see also Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023)  ("Abdullah concedes that his claims against the directors were barred by sovereign immunity—a jurisdictional defect[,] . . . [and] dismissals based on jurisdictional issues must . . . be without prejudice."). Accordingly, the Court adopts Magistrate Judge Roby's R&R as modified above.

---

[3]     *Id.* at 5.

Plaintiff's claims for money damages against defendants in their official capacities are hereby DISMISSED WITHOUT PREJUDICE. Plaintiff's remaining claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __23rd__ day of May, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE